UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELAWARE LIFE INSURANCE COMPANY,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>COVENANT LIVING COMMUNITIES AND SERVICES, dba MOUNT MIGUEL, a business organization, form unknown, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 21cv01313-LL-MDD<br><br>**ORDER DENYING REQUEST FOR ENTRY OF DEFAULT**<br><br>[ECF No. 22] |

Plaintiff Delaware Life Insurance Company, a Delaware corporation formerly known as Sun Life Assurance Company of Canada (U.S.) ("Plaintiff") filed this complaint in interpleader concerning competing claims to certain death benefits against Defendants Covenant Living Communities and Services dba MOUNT MIGUEL, a business organization, form unknown ("Mount Miguel"); Covenant Trust Company ("Covenant Trust"), as Trustee/Administrator of the Barbara J. Witt Living Trust Agreement dated November 13, 1996 (the "Trust")[1]; the Estate of Doris Irene Harrison (the "Harrison

---

[1] Plaintiff originally named Covenant Trust ("Covenant Trust"), as Trustee/ Administrator of the Barbara J. Witt Living Trust Agreement dated November 13, 1996 (the "Trust"). Covenant Trust's answer confirms it was erroneously sued under this

1

Estate"); Candice Hallman, individually, and as Attorney-in-Fact for Doris I. Harrison ("Hallman"); and DOES 1 through 10, inclusive (collectively, Defendants"). ECF No. 1.

On July 21, 2021, Plaintiff filed the instant Complaint in Interpleader due to the competing claims for death benefits. ECF No. 1; *see also* Fed. R. Civ. P. 22. On July 22, 2021, Plaintiff filed its notice of deposit of the disputed interpleader funds via check. ECF No. 3; *see also* Fed. R. Civ. P. 67 (allowing parties to deposit money with the Court by delivering a copy of the order permitting the deposit in a case where the plaintiff seeks, *inter alia*, the disposition of a sum of money).

On August 6, 2021, Plaintiff moved for an order to deposit the interpleader funds with the Court. ECF No. 6-1; *see also* S.D. Cal. Civ. R. 67.1(a) (requiring a court order before money may be sent to or deposited with the Court). On September 2, 2021, the Court granted the motion. ECF No. 12.

On October 12, 2021, November 26, 2021, and November 29, 2021, Mount Miguel, Hallman, and the Harrison Estate respectively filed theirs answer to the complaint. ECF Nos. 17-20. All three answers appear to have been untimely. *Compare* ECF Nos. 7, 8, 10, 13 (showing the parties' waivers of service) *with* Fed. R. Civ. P. 4(d)(2)(3) (indicating that based on the dates the waivers were signed, all three parties responsive pleadings were due by Monday, October 10, 2021). However, Plaintiff did not seek entry of default; thus, any objection to their untimeliness has been waived.

As of March 9, 2022, all four defendants had been served, ECF Nos. 7, 8, 10, 13, and all defendants other than Covenant Trust had appeared, *see* ECF Nos. 18-20. Thus, Plaintiff requested entry of default as to Covenant Trust. ECF No. 22. However, on March 15, 2022, Covenant Trust filed its answer to the complaint. ECF No. 23. Thus, the Court **DENIES** Plaintiff's request for entry of default as to Covenant Trust as moot. *See*, *e.g.*, *Tur v. YouTube, Inc.*, 562 F.3d 1212, 1214 (9th Cir. 2009) (concluding "that an issue is

---

designation, and the correct party name is Covenant Trust Company ("Covenant Trust"), as Trustee of the Barbara J. Witt Living Trust Agreement dated November 13, 1996 (the "Trust"). See ECF No. 23 at 8.

2

1  moot when deciding it would have no effect within the confines of the case itself").

2  **IT IS SO ORDERED.**

3  DATED: March 22, 2022

**HON. LINDA LOPEZ**
United States District Judge