UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELAWARE LIFE INSURANCE COMPANY,<br><br>          Plaintiff,<br><br>v.<br><br>COVENANT LIVING COMMUNITIES AND SERVICES, dba MOUNT MIGUEL, a business organization, form unknown, et al.,<br><br>          Defendant. | Case No.: 21cv01313-LL-MDD<br><br>**ORDER GRANTING JOINT MOTION FOR DISBURSEMENT, DISCHARGE, AND DISMISSAL REGARDING INTERPLEADER ACTION**<br><br>**[ECF No. 38]** |

**I.     INTRODUCTION**

Plaintiff Delaware Life Insurance Company, a Delaware corporation formerly known as Sun Life Assurance Company of Canada (U.S.) ("Plaintiff"), filed this complaint in interpleader concerning competing claims to certain death benefits against Defendants Covenant Living Communities and Services dba Mount Miguel, a business organization, form unknown ("Mount Miguel"); Covenant Trust, as Trustee/Administrator of the Barbara J. Witt Living Trust Agreement dated November 13, 1996 ("Covenant Trust" or the "Trust"); Estate of Doris Irene Harrison (the "Harrison Estate"); Candice Hallman, individually, and as Attorney-in-Fact for Doris I. Harrison ("Hallman"); and DOES 1 through 10, inclusive (collectively, Defendants"). ECF No. 1.

1

Before the Court is the Joint Motion for Disbursement, Discharge, and Dismissal of the Interpleader Action. ECF No. 38. After considering the papers submitted, supporting documentation, and applicable law, the Court **GRANTS** the Joint Motion.

## II. BACKGROUND

### A. Statement of Facts

Pursuant to an application dated September 2, 2005, Sun Life Assurance Company of Canada (U.S.)[1] issued to the Doris I. Harrison IRA its Certificate for Flexible Payment Deferred Combination Variable and Fixed Group Annuity Contract, Non-Participating, No. 90-9000-008773, under Group Contract No. 0001-089725, issued to the MFS Regatta Insurance Trust (hereinafter "Annuity Contract"). Complaint, ECF No. 1 ("Compl.") at 3,[2] ¶ 9; ECF No. 38 at 3, ¶ 1. Doris I. Harrison ("Decedent") was designated as the participant and annuitant under the Annuity Contract, while the primary beneficiaries were her sisters, Barbara Witt and Carolyn Wentz. *Id.* at 3, ¶¶ 10-11; ECF No. 38 at 3, ¶ 1.

On November 16, 2017, Ms. Wentz died. Compl. at 3, ¶ 13; ECF No. 38 at 3, ¶ 5. Under the terms of the Annuity Contract, when more than one primary beneficiary is named, and a named primary beneficiary predeceases the annuitant/participant, any death benefits payable by reason of the later death of the annuitant/participant become payable to the surviving primary beneficiary, meaning Ms. Wentz's share would go to Ms. Witt. Compl. at 3, ¶ 14; ECF No. 38 at 3, ¶ 6.

On November 29, 2019, Decedent died. Compl. at 3, ¶ 15; ECF No. 38 at 3, ¶ 7. Due to Decedent's death, the death benefit of approximately $29,000.00 became due and payable to the remaining designated beneficiary, Ms. Witt. *Id.* at 4, ¶ 16; ECF No. 38 at 3, ¶ 8. At the time of her death, Decedent resided at a care facility owned and/or operated by Defendant Mount Miguel. *Id.* at 4, ¶ 19; ECF No. 38 at 4, ¶ 11.

---

[1] During the Annuity Contract, Sun Life Assurance Company of Canada (U.S.) subsequently changed its name to Delaware Life Insurance Company, effective July 31, 2014. Compl. at 3, ¶ 12; ECF No. 38 at 3, ¶ 4.

[2] Unless otherwise indicated, all page number references are to the ECF-generated page number contained in the header of each ECF-filed document.

On February 1, 2021, Ms. Witt died. Compl. at 4, ¶ 17; ECF No. 38 at 4, ¶ 9. At the time of Ms. Witt's death, her daughter, Hallman, was her Attorney-in-Fact, operating under a General Power of Attorney. *Id.* at 4, ¶ 17; ECF No. 38 at 4, ¶ 9. Also at that time, the Trust was in effect, controlled the distribution of her assets, and was administered by Covenant Trust. *Id.* at 4, ¶ 18; ECF No. 38 at 4, ¶ 10.

On November 25, 2020, Mount Miguel filed a claim in the probate court concerning Decedent's estate. *See In re Estate of Doris Irene Harrison*, San Diego Superior Court Case No. 37-2020-0043812-PR-PL-CTL (the "Probate Proceeding"); *see also* Compl. at 4, ¶ 21; ECF No. 38 at 4, ¶ 12. Hallman has also made a claim to the death benefit proceeds in her capacity as Attorney-in-Fact for Decedent. *Id.* at 4, ¶ 24. Plaintiff also pleads that the Trust, administered by Covenant Trust in Chicago, has or may make a claim to the death benefit proceeds at issue, claiming that the Trust is the rightful beneficiary of the death benefit proceeds at issue, by reason of the terms of the Trust. *Id.* at 5, ¶ 25.

On or about June 16, 2021, Letters of Administration were issued by the Probate Court to Attorney John Smith, as the personal representative authorized to administer the Estate of Doris I. Harrison under the Independent Administration of Estates Act. Compl. at 4, ¶ 22; ECF No. 38 at 4, ¶ 13. In his capacity as personal representative for the Estate, Mr. Smith demanded that Plaintiff tender the death benefit proceeds to him. *Id.* at 4, ¶ 23.

### B. Procedural History

On July 21, 2021, Plaintiff filed the instant Complaint in Interpleader due to the competing claims for death benefits. ECF Nos. 1, 38 at 4, ¶ 15; *see also* Fed. R. Civ. P. 22. On July 22, 2021, Plaintiff filed its notice of deposit of the disputed interpleader funds via check. ECF No. 3; *see also* Fed. R. Civ. P. 67 (allowing parties to deposit money with the Court by delivering a copy of the order permitting the deposit in a case where the plaintiff seeks, *inter alia*, the disposition of a sum of money).

On August 6, 2021, Plaintiff moved for an order to deposit the interpleader funds with the Court. ECF No. 6-1; *see also* CivLR 67.1(a) (requiring a court order before money may be sent to or deposited with the Court). On August 31, 2021, Plaintiff notified the

Court that the motion was unopposed. ECF No. 11. Accordingly, on September 2, 2021, the Court granted the motion. ECF No. 12.

To date, all four defendants have been served and have appeared. *See* ECF Nos. 7-10, 13, 18-20, 23. Although all answers appear to have been untimely, *see* ECF Nos. 7, 8, 10, 13; *see also* Fed. R. Civ. P. 4(d)(2)(3), Plaintiff did not seek entry of default; thus, any objection to their untimeliness has been waived.

On March 31, 2022, Plaintiff filed a Motion for Discharge, Dismissal, and Reimbursement of Fees and Costs, which was set to be heard on May 5, 2022. ECF No. 28. However, on April 29, 2022, Plaintiff and all Defendants filed a Notice of Settlement and Request to Stay or Continue the Pending Motion for Discharge, Reimbursement of Fees, and Dismissal. ECF No. 34. Thus, on May 4, 2022, the Court struck this motion *without prejudice*, due to the parties' indication that they would file a joint motion seeking the same relief. ECF No. 37. On May 5, 2022, the parties filed this Joint Motion. ECF No. 38.

## III. DISCUSSION

The parties ask the Court to do the following:

1. Award Plaintiff **$13,000.00** as reasonable attorneys' fees and costs incurred in connection with this interpleader action to be paid out of the proceeds deposited with the Clerk of the Court. ECF No. 38 at 5, ¶ 18.

2. Distribute the remaining funds, following payment of the aforementioned **$13,000.00** in attorneys' fees and costs, as follows:

| Made Payable by Check to: | Mailed to: | Allocation: |
|---|---|---|
| Plaintiff Delaware Life | | $13,000.00 for reasonable attorneys' fees and costs |
| Estate of Doris Irene Harrison | | Two-Thirds ($^2/_3$ or 66.67%) of the remaining balance following |

4

| | | |
|---|---|---|
| | | disbursement of attorneys' fees |
| Covenant Trust Company, Trustee of The Barbara J. Witt Living Trust Agreement Dated Nov. 13, 1996 | | One-Third ($1/3$ or 33.33%) of the remaining balance following disbursement of attorneys' fees |
| Covenant Living Communities and Services dba Mount Miguel, a business organization, form unknown | Not applicable | None |
| Candace Hallman, individually and as Attorney-In-Fact for Barbara J. Witt, erroneously sued as Candice Hallman individually and as Attorney-In-Fact for Doris I. Harrison | Not applicable | None |

ECF No. 38 at 5-6, ¶¶ 19-24.

3.  Order that Plaintiff will be discharged from any liability to Defendants to the full extent permitted by the law with respect to the Annuity Contract.  ECF No. 38 at 5, ¶ 20.

4.  Order that Defendants will be restrained from taking, proceeding with, or commencing any action against Plaintiff Delaware Life or its present, former, and future officers, directors, shareholders, employers, employees, parents, subsidiaries, affiliates, reinsurers, insurers, administrators, agents, or predecessors in any way arising out of or relating to the rights and obligations of the parties with respect to the Annuity Contract and/or with respect to benefits due under the Annuity Contract.  ECF No. 38 at 5, ¶ 21.

5.  Dismiss the action *with prejudice* as to all parties with each party to bear its own costs and attorneys' fees except as otherwise provided herein.  ECF No. 38 at 6, ¶ 22.

On July 22, 2021, Plaintiff deposited two checks with the Court totaling $30,335.76. ECF No. 3.  This amount was deposited with the Court on September 2, 2021.  ECF No. 12.  The Court finds that given the parties have agreed to the distribution of funds already

5

deposited with the Court, distribution as agreed is appropriate under the law. *See* Fed. R. Civ. P. 22, 67; *see also* 28 U.S.C. §§ 1335(a), 2041, 2042. Thus, the Joint Motion is **GRANTED** with respect to dispersing the funds.

As for Plaintiff's request for attorney's fees, the interpleader plaintiff claiming such fees must bear the burden of establishing entitlement to attorney's fees. *Trs. of Dirs. Guild of Am.-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 427 (9th Cir. 2000) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). While the interpleader plaintiff's counsel need not "record in great detail how each minute of his time was expended," he or she "should identify the general subject matter of his [or her] time expenditures." *In re 1563 28th Ave.*, 333 F.R.D. 630, 636 (N.D. Cal. 2019) (quoting *Tise*, 234 F.3d at 427). "Where the documentation is inadequate, the district court is free to reduce an applicant's fee award accordingly." *Id.* (quoting *Tise*, 234 F.3d at 427).

Here, while the current Joint Motion does not contain any documentation for the **$13,000.00** in attorneys' fees sought in a case pending for less than one year, *see* ECF No. 38, the Court acknowledges that the previously filed Motion, which the Court struck from the record due to the parties' intent to file a joint motion, contained such documentation. ECF No. 28. Plaintiff indicates it has incurred reasonable fees and expenses of **$31,155.04**, representing costs and fees for its counsel's work from January 8, 2020 through March 13, 2022 in ascertaining Defendants' claims; reviewing the Estate proceedings, corresponding and communicating with Defendants; drafting the interpleader complaint; drafting a motion to deposit funds and depositing funds; serving the complaint; obtaining responsive pleadings; conducting telephone conferences and communications with Defendants towards resolution and addressing procedural requirements; and taking the default of Defendant Covenant Trust. Declaration of Nancy J. Marr in Support of Motion for Discharge and Dismissal, ECF No. 28-2 at 3-6, ¶¶ 6-20. Ms. Marr provides a detailed breakdown of the tasks performed, the dates on which those tasks were performed, the amounts billed, and the billing rates, including her billing rate of $365.00, and her partner's billing rate of $375.00 in 2020, and $400.00 in 2021. *Id.* at 10, ¶ 22. The Court finds the

amounts and hourly rates for Plaintiff's counsel reasonable, particularly in light of the reduction of their fees and costs, and thus, **GRANTS** the Joint Motion as to attorneys' fees.

Finally, because a dismissal is not required under Rule 41(a)(1) of the Federal Rules of Civil Procedure when the parties stipulate to dismissal, the Joint Motion is also granted with respect to dismissing this case.

## IV. CONCLUSION

The Court hereby **ORDERS** as follows:

1. Plaintiff is awarded **$13,000.00** as reasonable attorneys' fees and costs incurred in connection with this interpleader action to be paid out of the proceeds deposited with the Clerk of the Court made payable and mailed according to the instructions in Paragraph 2. ECF No. 38 at 5, ¶ 18.

2. The Clerk of the Court shall distribute the remaining funds as follows:

| Made Payable by Check to: | Mailed to: | Allocation: |
|---|---|---|
| Plaintiff Delaware Life | | $13,000.00 for reasonable attorneys' fees and costs |
| Estate of Doris Irene Harrison | | Two-Thirds ($^2/_3$ or 66.67%) of the remaining balance following disbursement of attorneys' fees |
| Covenant Trust Company, Trustee of The Barbara J. Witt Living Trust Agreement Dated Nov. 13, 1996 | | One-Third ($^1/_3$ or 33.33%) of the remaining balance following disbursement of attorneys' fees |
| Covenant Living Communities and Services dba Mount Miguel, a business organization, form unknown | Not applicable | None |

| Candace Hallman, individually and as Attorney-In-Fact for Barbara J. Witt, erroneously sued as Candice Hallman individually and as Attorney-In-Fact for Doris I. Harrison | Not applicable | None |
|---|---|---|

ECF No. 38 at 5-6, ¶¶ 19-24.

3. Plaintiff will be discharged from any liability to Defendants to the full extent permitted by the law with respect to the Annuity Contract. ECF No. 38 at 5, ¶ 20.

4. Defendants will be restrained from taking, proceeding with, or commencing any action against Plaintiff Delaware Life or its present, former, and future officers, directors, shareholders, employers, employees, parents, subsidiaries, affiliates, reinsurers, insurers, administrators, agents, or predecessors arising out of or relating to the rights and obligations of the parties with respect to the Annuity Contract and/or with respect to benefits due under the Annuity Contract. ECF No. 38 at 5, ¶ 21.

5. The Clerk of the Court is instructed to terminate this case and dismiss it *with prejudice* as to all parties with each party to bear its own costs and attorneys' fees except as otherwise provided herein. ECF No. 38 at 6, ¶ 22.

**IT IS SO ORDERED.**

DATED:   May 12, 2022

**HON. LINDA LOPEZ**
United States District Judge